IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SILVERGATE PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 19-678 (LPS) |
| | ) | C.A. No. 20-1255 (LPS) |
| AMNEAL PHARMACEUTICALS LLC, | ) | |
| | ) | PUBLIC VERSION |
| Defendant. | ) | |

**PLAINTIFF SILVERGATE PHARMACEUTICAL'S OPENING
BRIEF IN SUPPORT OF ITS MOTION FOR CONSOLIDATION**

**TABLE OF CONTENTS**

**PAGE(S)**

I. INTRODUCTION .................................................................................................................. 1

II. NATURE AND STAGE OF THE PROCEEDINGS/STATEMENT OF FACTS ............. 1

    A. Asserted Patents and Pending Litigations .................................................................. 1

    B. The Amneal and Bionpharma Litigations Are Distinct ........................................... 3

III. SUMMARY OF ARGUMENT ......................................................................................... 3

IV. ARGUMENT ..................................................................................................................... 4

    A. Legal Standard ........................................................................................................ 4

    B. Consolidation of the Two Amneal Litigations Is Appropriate ............................... 4

        1. The Two Amneal Cases Involve Common Questions of Law and Fact .................................................................................................. 5

        2. Consolidation Will Promote the Best Use of the Court's and Parties' Limited Resources, Reduce Duplicative Costs, and Promote Efficiency .................................................................................. 5

        3. The Efficiencies Vastly Outweigh Any Minor Inconvenience Resulting From Consolidation ................................................................ 7

        4. Amneal's Proposal to Further Consolidate the Bionpharma Litigations Unnecessarily Complicates Both Actions .............................. 8

V. CONCLUSION .................................................................................................................. 9

i

# TABLE OF AUTHORITIES[1]

**PAGE(S)**

## CASES

*Abbott Diabetes Care, Inc. v. Dexcom, Inc.*, C.A. No. 06-514 GMS,
    2007 WL 2892707 (D. Del. Sept. 30, 2007) ............................................................. 4, 5

*Cedars-Sinai Med. Ctr. v. Revlon, Inc.*,
    111 F.R.D. 24 (D. Del. 1986) ....................................................................................... 5

*Eastman Chem. Co. v. Alphapet Inc.*, C.A. No. 09-971-LPS-CJB,
    2011 WL 7121180 (D. Del. Dec. 29, 2011) ................................................... 4, 5, 6, 7, 8

*Jazz Pharms., Inc. v. Roxane Labs., Inc.*, Civ. No. 10–6108–ES–SCM,
    2013 WL 1596790 (D.N.J. April 12, 2013) .................................................................. 4, 7

*Masimo Corp. v. Philips Elecs. N. Am. Corp.*, C.A. No. 11-742-LPS-MPT, 2012
    WL 1267979 (D. Del. April. 16, 2012) ........................................................................... 6

*MIG Invs. LLC v. Aetrex Worldwide, Inc.*,
    852 F. Supp. 2d 493 (D. Del. March 30, 2012) ............................................................. 6

*Ortho-McNeil Pharma., Inc. v. Kali Labs., Inc.*, C.A. No. 02-5707 (DMC),
    2007 WL 1814080 (D.N.J. June 20, 2007) ................................................................... 4

*SZ DJI Tech. Co., Ltd. v. Autel Robotics USA LLC*, C.A. No. 16-706-LPS,
    2018 WL 1316203 (D. Del. March 14, 2018) ............................................................... 4

*United States v. Dentsply Int'l., Inc.*,
    190 F.R.D. 140 (D. Del. 1999) ................................................................................... 6, 7

*Weller v. Wilkinson*, C.A. No. 19-1723-MN-JLH,
    2020 WL 2514079 (D. Del. May 15, 2020) ................................................................ 5, 6

## RULES

Rule 42(a) ................................................................................................................................ 4

---

[1] All internal citations omitted, and all emphasis added unless otherwise noted.

## TABLE OF ABBREVIATIONS

| | |
|---|---|
| Amneal | Amneal Pharmaceuticals LLC |
| FDA | Food and Drug Administration |
| TRO | Temporary Restraining Order |
| ANDA | Abbreviated New Drug Application |
| the '008 Patent | U.S. Patent No. 9,669,008 |
| the '442 Patent | U.S. Patent No. 9,808,442 |
| the '745 Patent | U.S. Patent No. 10,039,745 |
| the '987 Patent | U.S. Patent No. 10,154,987 |
| Original Patents | The '008, '442, '745, and '987 patents, collectively |
| the '482 patent | U.S. Patent No. 10,786,482 |
| the '868 patent | U.S. Patent No. 10,772,868 |
| New Patents | The '482 and '868 patents, collectively |
| Prior Case | C.A. No. 19-678 (LPS) |
| Bionpharma | Bionpharma Inc. |

I.      **INTRODUCTION**

The present case is one of two pending Hatch-Waxman litigations involving the same accused product and related patents. The regulatory stay of approval of the accused ANDA product does not expire until August 28, 2021. Thus, the most efficient and practical course forward is to consolidate the matters and resolve the question of infringement at the same time for all related patents. These cases involve the same parties, the same accused product, the same act of infringement, and the same patent family. Due to the extreme overlap of factual and legal issues, these cases will involve the same witnesses, documents, experts, and substantially related infringement and non-infringement theories. Thus, Silvergate's motion to consolidate should be granted.

II.     **NATURE AND STAGE OF THE PROCEEDINGS/STATEMENT OF FACTS**

This is a Hatch-Waxman litigation that relates to Amneal's generic version of Silvergate's Epaned product.

   A.      **Asserted Patents and Pending Litigations**

On April 11, 2019, in response to a Paragraph IV Notice Letter dated February 27, 2019, Silvergate filed suit against Amneal for infringement of the '008 Patent, the '442 Patent, the '745 Patent, and the '987 Patent (collectively, the "Original Patents"). C.A. 19-678, D.I. 1. Trial on the Original Patents is scheduled to begin on February 1, 2021 and the 30-month regulatory stay of approval of the accused ANDA product expires on August 28, 2021. C.A. No. 19-678 (LPS) D.I. 3, 28.

On September 15, 2020 and September 29, 2020, respectively, the '868 Patent and '482

1

Patent issued (together, the "New Patents").[2]  Each of the two new patents is related to the Original Patents.  Silvergate filed suit alleging infringement of the '868 Patent on September 18, 2020 and amended that complaint to assert the '482 patent on September 29, 2020.  C.A. No. 20-1255, D.I. 1, 7.

Recognizing that the most efficient course would be to address all patents in a single trial, Silvergate attempted to negotiate a consolidated schedule with Amneal, and proposed a schedule to supplement expert reports to address the New Patents.  Amneal stated that it believes that additional fact discovery related to the new patents would be necessary.  Silvergate agreed to such discovery and proposed a new consolidated schedule that allowed for limited fact discovery on the new patents. Ex. A (E-mail from T. Hanson, Oct. 7, 2020 3:19 PM).

In response, Amneal stated that it would only agree to consolidation if the pending litigations involving Amneal were also consolidated with the pending litigations against another ANDA filer, Bionpharma.  Ex. A (E-mail from K. Saba, Oct. 14, 2020 10:15 AM).  Silvergate stated that this option (1) is not feasible given that Bionpharma contests consolidation and moved to dismiss the complaint asserting the New Patents; and (2) is not necessary given that Amneal and Bionpharma are not asserting overlapping defenses and do not share expert witnesses.  C.A. No. 20-01256, D.I. 10.  Upon further discussion, Amneal proposed that the parties litigate infringement (and not validity) of the Original Patents at a February 1, 2021 trial, and all remaining issues at a later trial.  Ex. A (E-mail from K. Saba, Oct. 15, 2020 1:11 PM).  Because there is enough time (prior to the August 28, 2021 expiration of the 30-month regulatory stay applicable to Amneal's ANDA product) to complete discovery and proceed with a single trial regarding all issues and all patents, Silvergate did not agree to Amneal's proposal of two trials.

---

[2] The '868 Patent is listed in the Orange Book for Epaned.  Silvergate requested Orange Book listing of the '482 Patent and expects that listing will become publicly available shortly.

### B. The Amneal and Bionpharma Litigations Are Distinct

Thus far, the Amneal and Bionpharma litigations have proceeded on roughly the same schedule, but they are not consolidated.[3] Bionpharma and Amneal served separate expert reports from different experts regarding different defenses. Bionpharma served an expert report of Dr. Moreton regarding infringement and did not serve any expert report regarding invalidity or any other defense. C.A. No.18-1962, D.I. 140. In contrast, Amneal served expert reports from several experts (Drs. Sinko and Gemeinhart and Mr. Hofmann) regarding infringement and validity. C.A. No. 19-678, D.I. 108, 110, 113. Bionpharma did not join Amneal's expert reports and Amneal did not join Bionpharma's expert reports. Likewise, Silvergate served unique expert reports to each of Bionpharma and Amneal. C.A. No. 18-1962, D.I. 136, 145; C.A. No. 19-cv-00678, D.I. 109, 111, 114.

### III. SUMMARY OF ARGUMENT

1. Silvergate's motion to consolidate should be granted because these litigations involve the same ANDA, the same parties, and the same patent family and thus involve common questions of law and fact such that consolidation will promote judicial efficiency and any minor inconvenience inured by consolidation is outweighed by the benefits.

2. Amneal has stated that it is amenable to consolidation, but only if there is consolidation with the litigations involving Bionpharma as well. Given Bionpharma's opposition to consolidation and the earlier expiration of Bionpharma's 30-month regulatory stay of approval, Amneal's request for a global consolidation of all matters involving both defendants unnecessarily complicates what is a straight-forward consolidation of the Amneal matters.

---

[3] Because Bionpharma requested additional time for expert reports, the expert schedule is slightly different between the Amneal and Bionpharma matters. D.I. 18-1962, D.I. 138.

Moreover, given the distinct issues and different witnesses that will testify at trial in the Bionpharma and Amneal matters, there is no efficiency to be gained by such an omnibus consolidation.

IV.     **ARGUMENT**

    A.     **Legal Standard**

Rule 42(a) grants district courts "authority to consolidate actions involving a common question of law or fact." *Abbott Diabetes Care, Inc. v. Dexcom, Inc.*, C.A. No. 06-514 GMS, 2007 WL 2892707, at *3 (D. Del. Sept. 30, 2007). "[C]ourts balance considerations of 'efficiency, expense, and fairness,'" when determining whether to consolidate cases. *See SZ DJI Tech. Co., Ltd. v. Autel Robotics USA LLC*, C.A. No. 16-706-LPS, 2018 WL 1316203, at *1 (D. Del. March 14, 2018) (quoting *Abbott*, 2007 WL 2892707, at *3). In patent cases, motions to consolidate are favored when the actions involve the same parties, same technology, same patent or patent families, and same accused product. *E.g.*, *Eastman Chem. Co. v. Alphapet Inc.*, C.A. No. 09-971-LPS-CJB, 2011 WL 7121180, at *3-4 (D. Del. Dec. 29, 2011) (same technology, same patent family, same accused product); *see also SZ DJI*, 2018 WL 1316203, at *1 ("The parties involved are exactly the same, the patents share common applicants, inventors, and priority periods and . . . the accused products are identical."); *Ortho-McNeil Pharma., Inc. v. Kali Labs., Inc.*, C.A. No. 02-5707 (DMC), 2007 WL 1814080, at *6 (D.N.J. June 20, 2007) (same); *Jazz Pharms., Inc. v. Roxane Labs., Inc.*, Civ. No. 10–6108–ES–SCM, 2013 WL 1596790, at *3 (D.N.J. April 12, 2013) (same).

    B.     **Consolidation of the Two Amneal Litigations Is Appropriate**

The two Amneal Epaned cases should be consolidated because (1) they involve common questions of law and fact; (2) consolidation will promote judicial efficiency; and (3) any minor

4

inconvenience inured by consolidation is outweighed by the benefits.

### 1. The Two Amneal Cases Involve Common Questions of Law and Fact

The threshold question for consolidation is whether the separate cases involve common questions of law or fact. *Eastman*, 2011 WL 7121180, at *2. These two matters involve related patents, the same technology, related infringement theories and accused products, and the same parties, and thus are the exact type of cases where "judicial resources likely will be conserved by consolidat[ion]." *Abbott*, 2007 WL 2892707, at *4. Therefore, because consolidation will increase judicial efficiency, Amneal's matters should be consolidated.

### 2. Consolidation Will Promote the Best Use of the Court's and Parties' Limited Resources, Reduce Duplicative Costs, and Promote Efficiency

Amneal has acknowledged that consolidation is appropriate. *See infra* § IV.B.4. In fact, the commonalities between these cases present at least five reasons why consolidation will result in increased efficiency and reduce duplicative costs.

**First**, judicial resources are best conserved by consolidating cases when they involve "related technologies. . ., [when] all claims of infringement are based on the same device, and [when] both cases involve the same part[y]." *Abbott*, 2007 WL 2892707, at *4. Here, the cases involve the same enalapril ready-to-use oral formulation technology and the same claims of infringement based on filing of Amneal's ANDA. Moreover, the cases involve the same parties, same patent family, same witnesses, and same documents. Therefore, consolidation will best conserve judicial resources. *Cedars-Sinai Med. Ctr. v. Revlon, Inc.*, 111 F.R.D. 24, 33 (D. Del. 1986) (ordering consolidation because "the inventions were by the same inventor, and . . . much of the prior art will be the same for the two patents."); *see also Weller v. Wilkinson*, C.A. No. 19-1723-MN-JLH, 2020 WL 2514079, at *2 (D. Del. May 15, 2020) (ordering consolidation because "[t]he complaints name the same defendants, **they allege similar (if not identical)**

5

**facts**, and they contain overlapping [legal] claims.").

**Second**, litigating and trying these cases separately would result in massively duplicative discovery and testimony. All of the asserted patents belong to the same family and involve the same inventors. Discovery regarding prosecution and development of the invention has already occurred. Silvergate already produced documents and witnesses related to the development of Epaned. Amneal already produced documents regarding its ANDA. These matters should be consolidated to avoid needless, duplicative discovery. *Masimo Corp. v. Philips Elecs. N. Am. Corp.*, C.A. No. 11-742-LPS-MPT, 2012 WL 1267979, at *4 (D. Del. April. 16, 2012) (ordering consolidation even though "the two matters involve different patents with different claims" because "the issues in both cases are closely intertwined, and likely will involve the same witnesses **and similar documentary evidence and exhibits**."); *Eastman*, 2011 WL 7121180, at *5 (ordering consolidation because "document discovery is also likely to overlap considerably . . . given that the same conduct. . . is at issue in both actions and that at least two of the five asserted patents are directly related."); *MIG Invs. LLC v. Aetrex Worldwide, Inc.*, 852 F. Supp. 2d 493, 515 (D. Del. March 30, 2012) (ordering consolidation because "there will be overlap in deposition discovery . . . as well as documentary evidence and other discovery."); *United States v. Dentsply Int'l., Inc.*, 190 F.R.D. 140, 143 (D. Del. 1999) ("The three cases require discovery of many of the same [] documents.").

**Third**, without consolidation, the cases will necessarily involve the exact same witnesses giving almost identical testimony at two separate trials. The Original Patents and the New Patents involve the same inventors and the cases will involve many of the same or similar issues. Courts have ordered consolidation when allowing cases to proceed separately would cause duplicative trial testimony in the separate actions. *Eastman* 2011 WL 7121180, at *5 (ordering

6

consolidation because "there are likely to be a number of witnesses whose testimony will be relevant to both [actions]."); *Jazz Pharms.*, 2013 WL 1596790, at *2 (ordering consolidation because "it is likely that there will be considerable overlap between the evidence used in both actions.").

**Fourth**, "the [legal] claims in each case are similar and arise from the same alleged conduct" by Amneal. *Dentsply Int'l*, 190 F.R.D. at 143. The act of patent infringement in each case arises from Amneal's filing of ANDA No. 212408 seeking approval to market a generic version of Silvergate's Epaned product. The similarity of Amneal's infringing conduct in both cases warrants consolidation.

**Fifth**, consolidating these cases will avoid uncertainty (and the potential for preliminary injunction motion practice) in the period between a first and second trial. Amneal's ANDA received tentative approval from FDA. If Amneal prevails on its non-infringement defenses for the Original Patents, the regulatory stay of final approval may be lifted, which may result in the need for emergency motion practice to prevent launch of Amneal's ANDA product while litigation on the New Patents proceeds. Such motion practice would be a significant, unnecessary burden on the Court and the parties.

        **3.    The Efficiencies Vastly Outweigh Any Minor Inconvenience Resulting From Consolidation**

The efficiencies outlined above far outweigh any inconvenience or prejudice which might occur, especially considering that it is feasible to proceed with trial on a consolidated matter in advance of the August 28, 2021 expiration of the 30-month stay applicable to Amneal's ANDA product.[4] Silvergate originally proposed to Amneal a schedule that allowed for trial be begin in

---

[4] Under Silvergate's proposed schedule, the trial would begin early May—a delay of just over three months.

7

early May 2021.  Ex. A (E-mail from T. Hanson, Sept. 23, 2020 2:20 PM).  Although the necessity of the present motion practice complicates the schedule, Silvergate still believes that the parties can be trial ready by May 2021—several months before expiration of the regulatory stay of approval of Amneal's ANDA product.  *Eastman*, 2011 WL 7121180, at *8 (noting that the proposed consolidated schedule "will not likely result in undue delay.").  Moreover, any delay is outweighed by the benefits of consolidating the Amneal litigations, including (1) resolving all common issues regarding infringement across all patents; (2) avoiding the potential need for emergency injunction motion practice; and (3) obviating the need to hear similar testimony from the same witnesses on the same issues at multiple trials.

### 4. Amneal's Proposal to Further Consolidate the Bionpharma Litigations Unnecessarily Complicates Both Actions

Amneal insists that any consolidation must include the Bionpharma Epaned litigations.  Amneal's request to consolidate its actions with Bionpharma's is perplexing given that the two did not jointly serve any expert reports, each has a different ANDA, and the two do not share any fact or expert witnesses.  Further, only one of Silvergate's four expert witnesses (Dr. Mahan) served a report in both the Bionpharma and Amneal matters.  There is no reason that the Bionpharma and Amneal matters must be tried together.  Indeed, it is unclear how such a trial would proceed given that the protective order prohibits disclosure of Bionpharma or Amneal confidential information to the other defendant.  C.A. Nos. 18-1962/19-678, D.I. 34, 32.

Amneal's secondary proposal—proceeding with a February trial regarding only whether Amneal's ANDA product infringes the four Original Patents, and saving for a second trial the issues of validity of the Original Patents and all issues related to the New Patents—imposes unnecessary inefficiencies and burden on the Court and the parties.  Under such a schedule, the Court would need to hear two trials regarding the same accused product and patents and several

8

fact and expert witnesses would testify at two trials instead of one.

Amneal and Bionpharma have different procedural postures in the pending litigations related to the New Patents. Bionpharma moved to dismiss Silvergate's Amended Complaint regarding the New Patents. C.A. No. 20-1256, D.I. 10. In response, Silvergate opposed the Motion to Dismiss and requested consolidation of the Bionpharma litigations. C.A. No. 20-1256, D.I. 14. Consolidation of the Bionpharma litigations remains uncertain pending resolution of those motions. Here, Amneal acknowledges that consolidation of the six patents is the most efficient path, but its proposed path forward complicates things by trying to Frankenstein its litigation with parts of Bionpharma's for no appreciable benefit or reason. Amneal's 30-month stay does not expire until August 2021, leaving plenty of time for trial on all six patents for all issues together. There is no reason to complicate this straightforward consolidation with the distinct, separate issues in the Bionpharma litigations.

## V. CONCLUSION

For the foregoing reasons, Silvergate respectfully requests that the Court grant Silvergate's motion for consolidation of the Amneal litigations on the Original Patents and the New Patents, and set a trial date in or after May 2021.

| | |
|---|---|
| OF COUNSEL:<br><br>Wendy L. Devine<br>Kristina M. Hanson<br>Jody Karol<br>WILSON SONSINI GOODRICH & ROSATI, P.C.<br>One Market Plaza,<br>Spear Tower, Suite 3300<br>San Francisco, CA 94105<br>T: (415) 947-2000<br><br>Natalie J. Morgan<br>WILSON SONSINI GOODRICH & ROSATI, P.C.<br>12235 El Camino Real<br>San Diego, CA 92130<br>T: (858) 350-2300<br><br>Ty W. Callahan<br>Granville C. Kaufman<br>WILSON SONSINI GOODRICH & ROSATI, P.C.<br>633 West Fifth Street, Suite 1550<br>Los Angeles, CA 90071-2027<br>T: (323) 210-2900<br><br>Original Filing Date:  October 22, 2020<br>Redacted Filing Date:  October 29, 2020 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Megan E. Dellinger*<br>Jack B. Blumenfeld (#1014)<br>Megan E. Dellinger (#5739)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>T: (302) 658-9200<br>jblumenfeld@mnat.com<br>mdellinger@mnat.com<br><br>*Attorneys for Plaintiff*<br>*Silvergate Pharmaceuticals, Inc.* |

10

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 29, 2020, upon the following in the manner indicated:

| | |
|---|---|
| Anne Shea Gaza, Esquire<br>Samantha G. Wilson, Esquire<br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Steven A. Maddox, Esquire<br>Anthony H. Son, Esquire<br>Jeremy J. Edwards, Esquire<br>Matthew C. Ruedy, Esquire<br>Kaveh Saba, Esquire<br>MADDOX EDWARDS, PLLC<br>1900 K Street NW, Suite 725<br>Washington, D.C. 20006<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |

*/s/ Megan E. Dellinger*
_____
Megan E. Dellinger (#5739)